UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CATT WOLF AND STEVEN WOLF, EACH INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF LARRY ADOLPH WOLF, DECEASED | § § § § § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. 6:22-CV-0035 |
| VS. | § § § | |
| CLAUDE E. ARMSTRONG, CASCADE ELECTRIC, INC., AND THE PERSON OR ENTITY D/B/A CASCADE ELECTRIC, INC. | § § § § § § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL

Cascade Electric, Inc. and Claude Armstrong file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing Cause No. 22-07-25,779; *Catt Wolf and Steven Wolf, Each Individually and as Co-Executors of the Estate of Larry Adolph Wolf, Deceased v. Claude E. Armstrong, Cascade Electric, Inc. and The Person or Entity d/b/a Cascade Electric, Inc.*, from the 267th District Court of Dewitt County, Texas to the United States District Court for the Southern District of Texas, Victoria Division.

### I.   BACKGROUND

1. This case involves an automobile collision which resulted in the death of Larry Wolf in Cuero, Texas. Plaintiffs Catt and Steven Wolf et. al, filed their First Amended Original Petition on July 15, 2022, and Defendants Claude Armstrong and Cascade Electric, Inc. were served for the first time on August 18, 2022. In their Petition,

Plaintiffs allege negligence and vicarious liability as to Mr. Armstrong and Cascade Electric, Inc.  For damages as a result of wrongful death and survivorship, Plaintiffs allege losses of care, maintenance, support, services, advise, counsel, and contributions of a pecuniary value, pain and suffering, and medical expenses. Defendants filed their Original Answer on September 2, 2022, generally denying Plaintiffs' claims and raising a number of affirmative defenses.

## II.   TIMELINESS OF REMOVAL

2. A Notice of Removal is filed timely if it is filed within thirty (30) days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b).  Both Mr. Armstrong and Cascade Electric first received notice of Plaintiff's lawsuit on August 18, 2022, when the petition and citation were forwarded by the Texas Department of Transportation. This Notice of Removal is being timely filed on September 7, 2022, within the thirty (30) day deadline to do so. 28 U.S.C. § 1446(b); *Monterey Mushrooms, Inc. v. Hall,* 14 F.Supp.2d 988, 991 (S.D.Tex.1998) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.")

## III.   GROUNDS FOR REMOVAL

3. Federal Courts have diversity jurisdiction over matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332, 1441.  The parties to this action are diverse.  Plaintiffs state, in section three of the Amended Original Petition, that they are domiciled in Texas.  Evidence of a person's

place of residence is *prima facie* proof of his domicile. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985).

4. Cascade Electric, Inc. is an Arizona corporation, with a principal place of business is in Arizona. (*See* Plaintiffs' First Amended Original Petition). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C.§ 1332. Therefore, Cascade Electric, Inc. is an Arizona citizen and shares no common citizenship with Plaintiff. Defendant Armstrong is domiciled in the state of Arizona. (*See* Plaintiffs' First Amended Original Petition). Accordingly, there is complete diversity between the parties which is acknowledged in Plaintiff's State Court petition.

5. The amount in controversy exceeds $75,000.00. In section ten of their Petition, Plaintiffs plead for "damages in a sum in excess of the minimum jurisdictional limits of this court" under Rule 47(c)(c) of the TEXAS RULES OF CIVIL PROCEDURE. Since Plaintiffs did not provide a numerical amount in controversy the Court can look to the cause of action, here wrongful death and related claims, to see if it is facially apparent that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

6. Finally, all named Defendants who have been served with Plaintiffs' Amended Original Petition consent to removal in this case in accordance with 28 U.S.C. § 1446(b)(2)(A).

3

## IV. JURY DEMAND

7. Plaintiffs demanded a jury in the state court action.

## V. CONCLUSION & PRAYER

8. This Court has jurisdiction in this case as Cascade Electric, Inc. and Mr. Armstrong have shown by a preponderance of the evidence that complete diversity exists among the parties and the amount in controversy for federal diversity jurisdiction is satisfied. Further, venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

9. Promptly after filing this Notice of Removal, Cascade Electric, Inc. shall cause a true and correct copy of the same to be filed with the Clerk of the 267th District Court of Dewitt County, Texas in accordance with 28 U.S.C. § 1446(d), as well as provide Plaintiffs with a copy of the same. Further, and pursuant to Local Rule 81 of the Southern District of Texas, Defendant is filing with this Notice of Removal the following:

1) All executed process in this case;
2) Pleadings asserting causes of action
3) All orders signed by the state judge
4) The docket sheet
5) An index of matters being filed, and
6) A list of all counsel of record, including addresses, telephone numbers, and parties represented.

Accordingly, Cascade Electric, Inc. respectfully requests that this Court remove this action from the 267th District Court of Dewitt County, Texas.

Respectfully submitted,

By: _/s/ David K. Loveless
    David K. Loveless
    Attorney in Charge
    State Bar: 24060192
    dkl@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 - Facsimile

ATTORNEYS FOR CASCADE ELECTRIC, INC. and CLAUDE ARMSTRONG

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on September 7, 2022.

Will Sciba III
Cole, Cole, Easley & Sciba, P.C.
302 W. Forrest
Victoria, Texas 77901
wsciba@colefirmservice.com

    _/s/ David K. Loveless
    David K. Loveless

5