Filed
7/13/2022 3:58 PM
Esther Ruiz
DeWitt County
District Clerk
bd

CAUSE NO. _____

22-07-25,779

| | | |
|---|---|---|
| **CATT WOLF AND STEVEN WOLF,** | § | **IN THE DISTRICT COURT OF** |
| **EACH INDIVIDUALLY AND AS** | § | |
| **CO-EXECUTORS OF THE ESTATE OF** | § | |
| **LARRY ADOLPH WOLF, DECEASED** | § | |
| | § | |
| **v.** | § | **DeWITT COUNTY, TEXAS** |
| | § | |
| **CLAUDE E. ARMSTRONG, CASCADE** | § | |
| **ELECTRIC, INC., and THE PERSON OR** | § | |
| **ENTITY D/B/A CASCADE ELECTRIC,** | § | |
| **INC.** | § | **267TH _____ JUDICIAL DISTRICT** |

<u>**PLAINTIFFS' ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Catt Wolf and Steven Wolf, Each Individually and as Co-Executors of the Estate of Larry Adolph Wolf, Deceased, hereinafter collectively called Plaintiffs, complaining of Claude E. Armstrong, Cascade Electric, Inc. and The Person or Entity d/b/a Cascade Electric, Inc. at 2940 S. Palo Verde Road, County of Pima, State of Arizona 85713, hereinafter collectively referred to as Defendants, and for cause of action would respectfully show the Court and jury the following:

<u>I. Discovery-Control Plan</u>

Discovery is intended to be conducted under Level III of the Texas Rule of Civil Procedure 190, and Plaintiffs affirmatively plead that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $1,000,000.00.

<u>II. Claim for Relief</u>

Plaintiffs are seeking monetary relief over $1,000,000.

<u>III. Parties</u>

Plaintiff Catt Wolf, Individually and as Co-Executor of the Estate of Larry Adolph Wolf, Deceased, is an individual, who's last three digits of her driver's license number are 087, and the last three digits of her social security number are 751, is a resident of Cuero, DeWitt County, Texas.

Plaintiff Steven Wolf, Individually and as Co-Executor of the Estate of Larry Adolph Wolf, Deceased, is an individual, who's last three digits of his driver's license number are 633, and the last three digits of his social security number are 363, is a resident of Hobson, Karnes County, Texas.

Defendant, Claude E. Armstrong**,** is an individual who is a non-resident of Texas, whose home address is 1025 W. Ebner Place, Tucson, Arizona 85714, and may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, August, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision or accident while operating a motor vehicle in Texas.

Defendant Cascade Electric, Inc. is a foreign corporation organized and existing under the laws of the State of Arizona, whose address is 2940 S. Palo Verde Road, County of Pima, State of Arizona 85713. Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but has not designated or maintained a resident agent for service in Texas. Further this suit arose from Defendant's business in Dewitt County, Texas.

Defendant The Person or Entity doing business as Cascade Electric, while preforming work in Dewitt County Texas, whose address is 2940 S. Palo Verde Road, County of Pima, State of Arizona 85713. Defendant may be served with process by serving the Texas Secretary of State,

1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but has not designated or maintained a resident agent for service in Texas. Further this suit arose from Defendant's business in Dewitt County, Texas.

## IV. Request for Substitution of True Name Pursuant to Tex. R. Civ. P. 28

To the extent the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure. Upon answering this suit, Defendants shall answer in their correct legal and assumed names.

## V. Jurisdiction and Venue

This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court. Venue is proper in DeWitt County because all or a substantial part of the events or omissions giving rise to this claim occurred in DeWitt County, Texas.

## VI. Facts

Plaintiffs Catt Wolf and Steven Wolf bring this suit pursuant to section 71.002 of the Civil Practices and Remedies Code to recover for personal injuries and damages suffered as a result of injuries sustained by their father Larry Adolph Wolf due to a motor vehicle collision on December 31, 2021 in DeWitt County, Texas with a vehicle operated by Defendant, Claude E. Armstrong, owned and insured by Defendant Cascade Electric, Inc. which collision was proximately caused by Defendants' negligence/negligence per se. At such time and place Deceased Plaintiff Larry Adolph Wolf was operating a 1997 Chevrolet pickup northbound on U.S. Highway 183 in Cuero, DeWitt County, Texas. Defendant Claude E. Armstrong was operating a 2020 Ford F350 truck and was attempting to turn left onto U.S. Highway 183 from a private drive, when he failed to keep a proper lookout, failed to yield right of way from a private drive, failed to yield right of way

turning left, and pulled out in front of Mr. Wolf's truck, causing the vehicles to collide. As a result of the incident, Larry Adolph Wolf sustained personal injuries resulting in his death.

## VII. Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that the Defendants' agents, officers, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Claude E. Armstrong, was a servant, agent or employee of Defendant, Cascade Electric, Inc., and, at all times pertinent hereto, was acting within the course and scope of his employment for Defendant, Cascade Electric, Inc., and in the furtherance of said employer's business.  At the time of the occurrence of the act in question and immediately prior thereto, Claude E. Armstrong was engaged in furtherance of Defendant Cascade Electric, Inc.'s business for which Claude E. Armstrong was employed. As a result thereof, Defendants, Claude E. Armstrong and/or Cascade Electric, Inc., are personally or vicariously liable for all negligence acts committed by Defendant, Claude E. Armstrong, in the course and scope of his employment and for the serious injuries to Plaintiffs and damages suffered by Plaintiffs. Plaintiff invokes the doctrine of Respondeat Superior as against Cascade Electric, Inc.

The injuries and damages suffered by Plaintiffs were directly and proximately caused by the negligence and/or negligence per se of the Defendants, Cascade Electric, Inc. and Claude E. Armstrong, individually and acting by and through their servants, agents, and employees as

hereinafter set out.  At the time and place in question, Defendant, Claude E. Armstrong**,** acting for himself and as the agent, servant, and employee of, and within the scope and course of his employment for Cascade Electric, Inc., all of whom, acting through their agents, servants and employees, in the course and scope of their employment, were guilty of acts of negligence and/or negligence per se, each of which jointly and severally proximately caused the serious, painful and permanent injuries and damages suffered by Plaintiffs.

## VIII. Negligence as to Claude E. Armstrong

Defendant Claude E. Armstrong had common-law and statutory duties to use ordinary care and exercise the degree of care that a reasonably careful person would use in the operation of his vehicle to avoid harm to others under circumstances similar to those described herein. Deceased Plaintiff Larry Adolph Wolf's injuries were proximately caused by Defendant's breach of those duties, and negligent, careless and reckless disregard of said duty. Defendant, Claude E. Armstrong was negligent/negligent per se in various acts and omissions which negligence was the proximate cause of the occurrence in question. Defendant's negligent conduct while acting in the course and scope of his employment for Defendant Cascade Electric, Inc., acting by and through its servants, agents, and employees, in some one or more of the following particulars:

a. Failing to keep a proper lookout for Deceased Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b. Failing to pay attention while driving the vehicle;

c. Driving the truck while sleep deprived, fatigued, sleepy or asleep;

d. Failed to yield right of way from a private drive, in violation of *Tex. Trans. Code § 545.155* as a person of prudent care would have done;

e. Turned when unsafe in violation of *Tex. Trans. Code § 545.103*;

f.      Proceeding into an intersection without first verifying that it was free of oncoming traffic; and

g.      Failing to act as a reasonably prudent driver using ordinary care in the same or similar circumstances.

IX. Negligence as to Cascade Electric, Inc.

Defendant Claude E. Armstrong was the operator of a motor vehicle owned by Defendant, Cascade Electric, Inc. Prior to the collision in question, Cascade Electric, Inc. provided the vehicle to Claude E. Armstrong for the purpose of operating it on the public roads of Texas, and Claude E. Armstrong was operating the vehicle on such roads with the knowledge and consent of Cascade Electric, Inc. Defendant Cascade Electric, Inc. was negligent in entrusting a vehicle to a reckless or otherwise incompetent driver because he knew or should have known that the driver, Claude E. Armstrong was reckless, unlicensed, or otherwise incompetent. At the time of the occurrence in question Claude E. Armstrong was acting in the course and scope of his employment for Defendant Cascade Electric, Inc. Defendant Cascade Electric, Inc. knew, or under the exercise of reasonable care should have known, that Claude E. Armstrong was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public roads in this state. Defendant, Cascade Electric, Inc., acting by and through its servants, agents, and employees, is vicariously liable for the acts of Defendant Claude E. Armstrong. The negligence of Defendant Cascade Electric, Inc. was a proximate cause of the occurrence in question and Plaintiffs' damages, in some or more of the following particulars:

a.      Negligently hiring Claude E. Armstrong as a driver.

b.      Negligently supervising Claude E. Armstrong.

c.      Negligently failing to train Claude E. Armstrong and its other employees and agents concerning the dangers of driving while sleep deprived, fatigued, or sleepy and how to prevent injury and death associated with sleepiness. Reckless in allowing Claude E. Armstrong to drive a company vehicle.

d.      Each and all of the foregoing acts both of omission and commission, constituted negligence and were each and all a proximate cause of the occurrence and resulting damages made the basis of this suit.  As a result of said actions on the part of the Defendants, Plaintiffs are entitled to recover damages as hereinafter alleged.

<u>X. Damages</u>

Catt Wolf and Steven Wolf, surviving adult children of Larry Adolph Wolf, have suffered pecuniary loss from the death of their father, including losses of care, maintenance, support, services, advise, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from their father during his lifetime had he lived.  They have suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.  They have suffered severe mental depression and anguish, grief, and sorrow as a result of the death of their father, Larry Adolph Wolf, and are likely to continue to suffer for a long time in the future. For these losses, Catt Wolf and Steven Wolf seek damages in a sum in excess of the minimum jurisdictional limits of this court.

Larry Adolph Wolf was wrongfully and negligently killed as hereinbefore described but did not die instantly.  He experienced conscious pain and suffering, for which he would have been entitled to recover damages.  The cause of action for damages of conscious pain and suffering prior to his death and for funeral and medical expenses survive, and on his death accrued to his heirs at

law under section 71.021 of the Civil Practices and Remedies Code.  This claim is brought by the Plaintiffs as heirs of the deceased.  Any damages recovered herein should be paid into the registry of this Court and eventually on a proper showing distributed to the heirs at law who are entitled thereto.

## XI. TRCP 193.7 Notice

Plaintiffs hereby give actual notice to each party pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that any and all documents produced by any party in this case during discovery may be used against the party; and may produce the document at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## XII. Jury Demand

Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## XIII. Prayer

By reason of the above and foregoing, Plaintiffs have been damaged in a sum within the minimum jurisdictional limits of this Court. Plaintiffs further seek prejudgment and post judgment interest.

WHEREFORE, Plaintiffs pray that the Defendants be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiffs will recover:

1.   judgment against Defendants, jointly and severally, for Plaintiffs' damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2.   interest on said judgment at the legal rate from date of judgment;

3.   prejudgment interest as allowed by law;

4.   costs of Court; and

5.    a demand for judgment for all the other relief to which Plaintiffs deem themselves

entitled.

Respectfully submitted,

**COLE, COLE, EASLEY & SCIBA, P.C.**
302 W. Forrest
Victoria, Texas 77901
(361) 575-0551 - Telephone
(361) 575-0986 - Facsimile

*/s/ Will Sciba III*
By_____
      WILL SCIBA, III
      State Bar No. 00792824
      wsciba@colefirmservice.com
ATTORNEYS FOR PLAINTIFFS CATT WOLF
AND STEVEN WOLF, INDIVIDUALLY AND
AS CO-EXECUTORS OF THE ESTATE OF
LARRY ADOLPH WOLF, DECEASED

Please be advised that the **only** valid e-mail address for service of all documents in all matters
handled by attorney Will Sciba, III is: wsciba@colefirmservice.com.

PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.

COPY

Filed
7/15/2022 11:36 AM
Esther Ruiz
DeWitt County
District Clerk
KY

CAUSE NO. 22-07-25,779

| | | |
|---|---|---|
| **CATT WOLF AND STEVEN WOLF,** | § | **IN THE DISTRICT COURT OF** |
| **EACH INDIVIDUALLY AND AS** | § | |
| **CO-EXECUTORS OF THE ESTATE OF** | § | |
| **LARRY ADOLPH WOLF, DECEASED** | § | |
| | § | |
| **v.** | § | **DeWITT COUNTY, TEXAS** |
| | § | |
| **CLAUDE E. ARMSTRONG, CASCADE** | § | |
| **ELECTRIC, INC., and THE PERSON OR** | § | |
| **ENTITY D/B/A CASCADE ELECTRIC,** | § | |
| **INC.** | § | **267TH JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Catt Wolf and Steven Wolf, Each Individually and as Co-Executors of the Estate of Larry Adolph Wolf, Deceased, hereinafter collectively called Plaintiffs, complaining of Claude E. Armstrong, Cascade Electric, Inc. and The Person or Entity d/b/a Cascade Electric, Inc. at 2940 S. Palo Verde Road, County of Pima, State of Arizona 85713, hereinafter collectively referred to as Defendants, and for cause of action would respectfully show the Court and jury the following:

### I. Discovery-Control Plan

Discovery is intended to be conducted under Level III of the Texas Rule of Civil Procedure 190, and Plaintiffs affirmatively plead that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $1,000,000.00.

### II. Claim for Relief

Plaintiffs are seeking monetary relief over $1,000,000.

DEFENDANT'S / RESPONDENT'S
COPY

Page 1

III. Parties

Plaintiff Catt Wolf, Individually and as Co-Executor of the Estate of Larry Adolph Wolf, Deceased, is an individual, who's last three digits of her driver's license number are 087, and the last three digits of her social security number are 751, is a resident of Cuero, DeWitt County, Texas.

Plaintiff Steven Wolf, Individually and as Co-Executor of the Estate of Larry Adolph Wolf, Deceased, is an individual, who's last three digits of his driver's license number are 633, and the last three digits of his social security number are 363, is a resident of Hobson, Karnes County, Texas.

Defendant, Claude E. Armstrong, is an individual who is a non-resident of Texas, whose home address is 1025 W. Ebner Place, Tucson, Arizona 85714, and may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision or accident while operating a motor vehicle in Texas.

Defendant Cascade Electric, Inc. is a foreign corporation organized and existing under the laws of the State of Arizona, whose address is 2940 S. Palo Verde Road, County of Pima, State of Arizona 85713. Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but has not designated or maintained a resident agent for service in Texas. Further this suit arose from Defendant's business in Dewitt County, Texas.

Defendant The Person or Entity doing business as Cascade Electric, while preforming work in Dewitt County Texas, whose address is 2940 S. Palo Verde Road, County of Pima, State of Arizona 85713. Defendant may be served with process by serving the Texas Secretary of State,

1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but has not designated or maintained a resident agent for service in Texas. Further this suit arose from Defendant's business in Dewitt County, Texas.

### IV. Request for Substitution of True Name Pursuant to Tex. R. Civ. P. 28

To the extent the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure. Upon answering this suit, Defendants shall answer in their correct legal and assumed names.

### V. Jurisdiction and Venue

This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court. Venue is proper in DeWitt County because all or a substantial part of the events or omissions giving rise to this claim occurred in DeWitt County, Texas.

### VI. Facts

Plaintiffs Catt Wolf and Steven Wolf bring this suit pursuant to section 71.002 of the Civil Practices and Remedies Code to recover for personal injuries and damages suffered as a result of injuries sustained by their father Larry Adolph Wolf due to a motor vehicle collision on December 31, 2021 in DeWitt County, Texas with a vehicle operated by Defendant, Claude E. Armstrong, owned and insured by Defendant Cascade Electric, Inc. which collision was proximately caused by Defendants' negligence/negligence per se. At such time and place Deceased Plaintiff Larry Adolph Wolf was operating a 1997 Chevrolet pickup northbound on U.S. Highway 183 in Cuero, DeWitt County, Texas. Defendant Claude E. Armstrong was operating a 2020 Ford F350 truck and was attempting to turn left onto U.S. Highway 183 from a private drive, when he failed to keep a proper lookout, failed to yield right of way from a private drive, failed to yield right of way

turning left, and pulled out in front of Mr. Wolf's truck, causing the vehicles to collide. As a result of the incident, Larry Adolph Wolf sustained personal injuries resulting in his death.

<u>VII. Respondeat Superior</u>

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that the Defendants' agents, officers, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Claude E. Armstrong, was a servant, agent or employee of Defendant, Cascade Electric, Inc., and, at all times pertinent hereto, was acting within the course and scope of his employment for Defendant, Cascade Electric, Inc., and in the furtherance of said employer's business.   At the time of the occurrence of the act in question and immediately prior thereto, Claude E. Armstrong was engaged in furtherance of Defendant Cascade Electric, Inc.'s business for which Claude E. Armstrong was employed. As a result thereof, Defendants, Claude E. Armstrong and/or Cascade Electric, Inc., are personally or vicariously liable for all negligence acts committed by Defendant, Claude E. Armstrong, in the course and scope of his employment and for the serious injuries to Plaintiffs and damages suffered by Plaintiffs. Plaintiff invokes the doctrine of <u>Respondeat Superior</u> as against Cascade Electric, Inc.

The injuries and damages suffered by Plaintiffs were directly and proximately caused by the negligence and/or negligence per se of the Defendants, Cascade Electric, Inc. and Claude E. Armstrong, individually and acting by and through their servants, agents, and employees as

hereinafter set out. At the time and place in question, Defendant, Claude E. Armstrong, acting for himself and as the agent, servant, and employee of, and within the scope and course of his employment for Cascade Electric, Inc., all of whom, acting through their agents, servants and employees, in the course and scope of their employment, were guilty of acts of negligence and/or negligence per se, each of which jointly and severally proximately caused the serious, painful and permanent injuries and damages suffered by Plaintiffs.

<u>VIII. Negligence as to Claude E. Armstrong</u>

Defendant Claude E. Armstrong had common-law and statutory duties to use ordinary care and exercise the degree of care that a reasonably careful person would use in the operation of his vehicle to avoid harm to others under circumstances similar to those described herein. Deceased Plaintiff Larry Adolph Wolf's injuries were proximately caused by Defendant's breach of those duties, and negligent, careless and reckless disregard of said duty. Defendant, Claude E. Armstrong was negligent/negligent per se in various acts and omissions which negligence was the proximate cause of the occurrence in question. Defendant's negligent conduct while acting in the course and scope of his employment for Defendant Cascade Electric, Inc., acting by and through its servants, agents, and employees, in some one or more of the following particulars:

a.     Failing to keep a proper lookout for Deceased Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b.     Failing to pay attention while driving the vehicle;

c.     Driving the truck while sleep deprived, fatigued, sleepy or asleep;

d.     Failed to yield right-of-way from a private drive, in violation of *Tex. Trans. Code § 545.155* as a person of prudent care would have done;

e.     Turned when unsafe in violation of *Tex. Trans. Code § 545.103*;

f.      Proceeding into an intersection without first verifying that it was free of oncoming

traffic; and

g.      Failing to act as a reasonably prudent driver using ordinary care in the same or

similar circumstances.

<u>IX. Negligence as to Cascade Electric, Inc.</u>

Defendant Claude E. Armstrong was the operator of a motor vehicle owned by Defendant,

Cascade Electric, Inc. Prior to the collision in question, Cascade Electric, Inc. provided the vehicle

to Claude E. Armstrong for the purpose of operating it on the public roads of Texas, and Claude

E. Armstrong was operating the vehicle on such roads with the knowledge and consent of Cascade

Electric, Inc. Defendant Cascade Electric, Inc. was negligent in entrusting a vehicle to a reckless

or otherwise incompetent driver because he knew or should have known that the driver, Claude E.

Armstrong was reckless, unlicensed, or otherwise incompetent. At the time of the occurrence in

question Claude E. Armstrong was acting in the course and scope of his employment for Defendant

Cascade Electric, Inc. Defendant Cascade Electric, Inc. knew, or under the exercise of reasonable

care should have known, that Claude E. Armstrong was an incompetent and unfit driver and would

create an unreasonable risk of danger to persons and property on the public roads in this state.

Defendant, Cascade Electric, Inc., acting by and through its servants, agents, and employees, is

vicariously liable for the acts of Defendant Claude E. Armstrong. The negligence of Defendant

Cascade Electric, Inc. was a proximate cause of the occurrence in question and Plaintiffs' damages,

in some or more of the following particulars:

a.      Negligently hiring Claude E. Armstrong as a driver.

b.      Negligently supervising Claude E. Armstrong.

Page 6

c.   Negligently failing to train Claude E. Armstrong and its other employees and agents concerning the dangers of driving while sleep deprived, fatigued, or sleepy and how to prevent injury and death associated with sleepiness. Reckless in allowing Claude E. Armstrong to drive a company vehicle.

d.   Each and all of the foregoing acts both of omission and commission, constituted negligence and were each and all a proximate cause of the occurrence and resulting damages made the basis of this suit.  As a result of said actions on the part of the Defendants, Plaintiffs are entitled to recover damages as hereinafter alleged.

### X. Damages

Catt Wolf and Steven Wolf, surviving adult children of Larry Adolph Wolf, have suffered pecuniary loss from the death of their father, including losses of care, maintenance, support, services, advise, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from their father during his lifetime had he lived.  They have suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.  They have suffered severe mental depression and anguish, grief, and sorrow as a result of the death of their father, Larry Adolph Wolf, and are likely to continue to suffer for a long time in the future. For these losses, Catt Wolf and Steven Wolf seek damages in a sum in excess of the minimum jurisdictional limits of this court.

Larry Adolph Wolf was wrongfully and negligently killed as hereinbefore described but did not die instantly.  He experienced conscious pain and suffering, for which he would have been entitled to recover damages.  The cause of action for damages of conscious pain and suffering prior to his death and for funeral and medical expenses survive, and on his death accrued to his heirs at

law under section 71.021 of the Civil Practices and Remedies Code. This claim is brought by the Plaintiffs as heirs of the deceased. Any damages recovered herein should be paid into the registry of this Court and eventually on a proper showing distributed to the heirs at law who are entitled thereto.

## XI. TRCP 193.7 Notice

Plaintiffs hereby give actual notice to each party pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that any and all documents produced by any party in this case during discovery may be used against the party; and may produce the document at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## XII. Jury Demand

Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## XIII. Prayer

By reason of the above and foregoing, Plaintiffs have been damaged in a sum within the minimum jurisdictional limits of this Court. Plaintiffs further seek prejudgment and post judgment interest.

WHEREFORE, Plaintiffs pray that the Defendants be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiffs will recover:

1. judgment against Defendants, jointly and severally, for Plaintiffs' damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2. interest on said judgment at the legal rate from date of judgment;

3. prejudgment interest as allowed by law;

4. costs of Court; and

Page 8

5.      a demand for judgment for all the other relief to which Plaintiffs deem themselves
        entitled.

                                        Respectfully submitted,

                                        **COLE, COLE, EASLEY & SCIBA, P.C.**
                                        302 W. Forrest
                                        Victoria, Texas 77901
                                        (361) 575-0551 - Telephone
                                        (361) 575-0986 - Facsimile

                                        */s/ Will Sciba III*
                                        By_____
                                            WILL SCIBA, III
                                            State Bar No. 00792824
                                            wsciba@colefirmservice.com
                                        ATTORNEYS FOR PLAINTIFFS CATT WOLF
                                        AND STEVEN WOLF, INDIVIDUALLY AND
                                        AS CO-EXECUTORS OF THE ESTATE OF
                                        LARRY ADOLPH WOLF, DECEASED

Please be advised that the **only** valid e-mail address for service of all documents in all matters
            handled by attorney Will Sciba, III is: wsciba@colefirmservice.com.

            PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.

                            CERTIFICATE OF SERVICE

        By my signature above, I certify that a true and correct copy of the foregoing instrument
was mailed or delivered to all counsel of record in accordance with the applicable Texas Rules of
Civil Procedure on this the 15th day of July, 2022.

Filed
9/2/2022 11:29 AM
Esther Ruiz
DeWitt County
District Clerk
ap

CAUSE NO. 22-07-25,779

| | | |
|---|---|---|
| CATT WOLF AND STEVEN WOLF, | § | IN THE DISTRICT COURT OF |
| EACH INDIVIDUALLY AND AS CO- | § | |
| EXECUTORS OF THE ESTATE OF | § | |
| LARRY ADOLPH WOLF, DECEASED | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | DEWITT COUNTY, TEXAS |
| | § | |
| CLAUDE E. ARMSTRONG, CASCADE | § | |
| ELECTRIC, INC., AND THE PERSON OR | § | |
| ENTITY D/B/A CASCADE ELECTRIC, | § | |
| INC. | § | |
| | § | |
| *Defendants* | § | 267TH JUDICIAL DISTRICT |
| | § | |

## DEFENDANTS' ORIGINAL ANSWER AND OBJECTION TO PLAINTIFFS' 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CLAUDE E. ARMSTRONG and CASCADE ELECTRIC, INC., Defendants in the above entitled and numbered cause, and files this, their Original Answer to Plaintiff's First Amended Original Petition, and respectfully shows the Court as follows:

## I. ORIGINAL ANSWER

### GENERAL DENIAL

1.      Subject to such stipulations and/or admissions that may hereinafter be made, Defendants enter this general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation against Defendants contained in Plaintiff's live petition and demanding strict proof thereof as required by the laws of the State of Texas.

**A**FFIRMATIVE **D**EFENSES

2.      Further, and/or in the alternative, Defendants invoke the statutory limitation on the recovery of medical or health care expenses under the provisions of T_EX_. C_IV_. P_RAC_. & R_EM_. C_ODE_ § 41.0105.

3.      Further, and/or in the alternative, Defendants affirmatively plead the defenses of contribution and proportionate responsibility pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code and asserts that the alleged damage in question was caused in whole or in part by the acts, omissions, comparative negligence, and/or contributory negligence of Plaintiff, other parties, and/or non-parties over which Defendants exercised no control.  Accordingly, Defendants respectfully request the Court and/or jury compare the relative percentages of fault of all parties to this lawsuit and any negligent, culpable and/or strictly liable third party and/or responsible third party, whether a party to this suit or otherwise, pursuant to the doctrine of proportionate responsibility.  *See* T_EX_. C_IV_. P_RAC_. & R_EM_. C_ODE_ §§ 33.001-33.017.

4.      Further, and/or in the alternative, Plaintiffs' alleged injuries, if any, were caused by prior and/or subsequent conditions or occurrences for which Defendant was not responsible.

5.      Further, and/or in the alternative, to the extent Plaintiff is asserting recovery of lost earnings, loss earning capacity, loss contribution of pecuniary value or loss of inheritance, the limitations of T_EX_. C_IV_. P_RAC_. & R_EM_. C_ODE_ § 18.091 apply.

**II.  OBJECTION TO RULE 193.7 NOTICE**

6.      Defendants object to Plaintiffs' general Rule 193.7 Notice on the grounds that it is insufficient and in contradiction to the Texas Rules of Civil Procedure. Upon the filing of Plaintiffs' Notice, Defendants are without knowledge of what specific documents Plaintiffs intend to use at pre-trial and/or at trial and is thus handicapped in its defense and its ability to legally object. In addition, Plaintiffs' general notice does not allow Defendants an opportunity to

2

determine a good faith factual and legal basis for its objection as required by the rules. To require Defendants to anticipate and/or object to every single document produced by any party would cause an undue hardship on Defendants and would circumvent the intent and safeguards of Rule 193.7. In the alternative, if the Court finds that the general notice given by Plaintiffs under Rule 193.7 is sufficient, then Defendants hereby provide written notice of its objection to any and all documents produced by the parties, as well as to authentication, and reserve their right to make further objections at the time it becomes aware of the specific identity of any particular documents Plaintiffs intend to use at any proceedings. Defendants further object to the extent that Plaintiffs' Notice seeks a blanket concession that all such documents are admissible in evidence and reserve the right to object to any or all documents on grounds other than authenticity. Defendants further object to the extent that Plaintiffs' Notice seeks to authenticate for use against Defendants any documents produced by parties other than Defendants.

### III.  RIGHT TO AMEND

7.     Defendants reserves the right to amend their answer and defenses herein as matters are more fully developed.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants CLAUDE E. ARMSTRONG and CASCADE ELECTRIC, INC. respectfully pray that the relief sought in Plaintiffs' First Amended Original Petition be DENIED, that Plaintiffs take nothing, and that Defendants CLAUDE E. ARMSTRONG and CASCADE ELECTRIC, INC. go hence without delay with their costs and all such other and further relief to which they may be justly entitled to receive.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**

333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 – Telephone
(713) 951-9920 – Facsimile

By: _/s/ David K. Loveless_

     David K. Loveless
     State Bar No. 24060192
     dkl@egglestonbriscoe.com
     w/E-Service Copy: lmb@egglestonbriscoe.com

     ATTORNEYS FOR CASCADE ELECTRIC, INC.
     and CLAUDE ARMSTRONG

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded via facsimile and/or electronic notification, or any other method approved by the Texas Rules of Civil Procedure on this the 2nd day of September 2022, to:

Will Sciba III
Cole, Cole, Easley & Sciba, P.C.
302 W. Forrest
Victoria, Texas 77901
wsciba@colefirmservice.com

_/s/ David K. Loveless_
David K. Loveless

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Buehring on behalf of David Loveless
Bar No. 24060192
lmb@egglestonbriscoe.com
Envelope ID: 67923960
Status as of 9/2/2022 1:41 PM CST

Associated Case Party: Catt Wolf, Individually and as Co-Executor of the Estate of Larry Adolph Wolf, Deceased

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Will Sciba, III | | wsciba@colefirmservice.com | 9/2/2022 11:29:08 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Buehring on behalf of David Loveless
Bar No. 24060192
lmb@egglestonbriscoe.com
Envelope ID: 67923960
Status as of 9/2/2022 1:41 PM CST

Associated Case Party: Steven Wolf, Individually and as Co-Executor of the Estate of Larry Adolph Wolf, Deceased

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Will Sciba, III | | wsciba@colefirmservice.com | 9/2/2022 11:29:08 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Buehring on behalf of David Loveless
Bar No. 24060192
lmb@egglestonbriscoe.com
Envelope ID: 67923960
Status as of 9/2/2022 1:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wanda Lester | | wanda@cceslaw.com | 9/2/2022 11:29:08 AM | SENT |
| David KLoveless | | dkl@egglestonbriscoe.com | 9/2/2022 11:29:08 AM | SENT |
| Lori Buehring | | lmb@egglestonbriscoe.com | 9/2/2022 11:29:08 AM | SENT |
| Cristina Carrigan | | cc@egglestonbriscoe.com | 9/2/2022 11:29:08 AM | SENT |
| Nancy Gresham | | nsg@egglestonbriscoe.com | 9/2/2022 11:29:08 AM | SENT |
| Kaylee Gum | | KRG@egglestonbriscoe.com | 9/2/2022 11:29:08 AM | SENT |